UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 1:22-cv-20670-BB

JEFFERSON CELADA LISCANO, and other )
similarly situated individuals, )
                         )
            Plaintiff(s), )
                         )
v. )
                         )
ARIES BLINDS INC and MANUEL BLANCO, )
                         )
           Defendants. )
_____ )

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND TO DISMISS
CASE WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**

       Plaintiff, JEFFERSON CELADA LISCANO ("Plaintiff"), and Defendants, ARIES

BLINDS INC and MANUEL BLANCO ("Defendants") (collectively "the Parties"), pursuant to

*Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982), jointly request that

this Court make a fairness finding approving the terms of the Parties' settlement of the above-

captioned matter and dismissing this case with prejudice. The Parties' Settlement Agreement is

attached as **Exhibit "A"** (the "Agreement")**.**

     **I.**        **Legal Principles**

       Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which

claims under FLSA can be settled and released by employees. First, 29 USC 216(c) of the FLSA

allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages

by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c);

*Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the

context of a private lawsuit brought by an employee against an employer under section 216(b) of the

1

FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against whom he alleges were his former employers, which was adversarial in nature. The Agreement attached to this motion (**Exhibit "A"**), includes every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's status as an employee, the claimed unpaid wages, and the damages potentially available to Plaintiff. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed (extensively) the Plaintiff's alleged status as an employee, the Plaintiff's alleged unpaid wages and pay rate, the

applicability of defenses, calculation of damages, and the applicable statute of limitations. The parties also exchanged documentation relating to the claims and defenses. Based on these discussions and the documents exchanged, the Parties formulated their own proposed discovery and trial strategy, and settlement figures.

The Parties then engaged in detailed and extensive settlement discussions, based upon their independent calculations and what they thought were their respective estimations should the case go to trial. Later, the Parties voluntarily agreed to the terms of their settlement and jointly prepared the Agreement.

## II.    Terms of Settlement

This case involved, a claim for unpaid wages. The Plaintiff claimed that he worked for Defendants as assisting with the manufacturing and installation of blinds, and that during the time he was employed by Defendants he was not properly paid for all hours worked. Defendants adamantly denied Plaintiff's claims and not only disputed Plaintiff's status as an employee, but also provided Plaintiff with information to support their defense that he was not an employee. The threshold issue involved Plaintiff's status as an employee.

The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's status, as well as the Plaintiff's pay, hours worked, and time records. Given the Parties' respective positions on the issues raised in the operative complaint, the Parties agree that they would incur great expense litigating these issues through trial. Given the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendants, the Parties agree that a global lump sum payment of $3,000.00 to Plaintiff is a fair compromise. As a result, the settlement agreed upon in this matter, the payment of $3,000.00

as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will be apportioned as follows:

a. $750.00 as payment to Plaintiff for alleged unpaid wages under the FLSA;

b. $750.00 as payment to Plaintiff for liquidated damages under the FLSA;

c. $472.00 payable to Plaintiff's counsel as reimbursement for service of process costs and filing fees;

d. $1,028.00 payable to Plaintiff's counsel as attorney's fees.

The attorney's fees and costs concerning the above-styled action have been negotiated and will be paid *separately* from Plaintiff's recovery, and those fees represent a compromise in the attorneys' fees actually incurred in the prosecution of this action. Counsel for Plaintiff further stipulates that the amount recovered by Saenz & Anderson, PLLC in attorney's fees and costs is fair and reasonable, and that he accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. A copy of Saenz & Anderson, PLLC's declaration and billing records in support of this motion are attached as **Exhibit "B"**.

The Parties further state that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III. Conclusion

The Parties jointly and respectfully request this Court approve the settlement between the Parties and dismiss the instant action with prejudice. A copy of a proposed Order granting the instant motion is attached hereto as **Exhibit "C"**.

Respectfully submitted,

| | |
|---|---|
| **/s/Aron Smukler**<br>Aron Smukler, Esq. (FBN: 0297779)<br>E-mail: asmukler@saenzanderson.com<br>SAENZ & ANDERSON, PLLC<br>20900 NE 30th Avenue, Ste. 800<br>Aventura, Florida 33180<br>Telephone: (305) 503-5131<br>Facsimile: (888) 270-5549<br>*Counsel for Plaintiff(s)* | **s/Brian H. Pollock, Esq.**<br>Brian H. Pollock, Esq. (174742)<br>brian@fairlawattorney.com<br>FAIRLAW FIRM<br>135 San Lorenzo Avenue<br>Suite 770<br>Coral Gables, FL 33146<br>Tel: (305) 230-4884<br>*Counsel for Defendants* |

# EXHIBIT "A"

# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND MUTUAL GENERAL RELEASE

This Settlement Agreement (hereinafter "Agreement") is hereby entered into between Plaintiff, Jefferson Celada Liscano, and all of his agents, successors, representatives, heirs, insurers, and assigns (referred to as "Plaintiff"), and Defendants, Aries Blinds Inc., along with its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, agents, and assigns, and all of its and their past and present owners, officers, directors, shareholders, franchisees, members, consultants, agents, insurers, attorneys, agents and assigns, and Manuel Blanco (who are collectively referred to as " "Defendants") for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows. This Agreement shall be effective upon the Parties execution of the Agreement, the expiration of the period required by the OWBPA, and Court approval. The Plaintiff and the Defendants shall be jointly referred to as the "Parties."

## Recitals

**WHEREAS**, Plaintiff performed work for Defendants; and

**WHEREAS**, Plaintiff is seeking damages from Defendants under the Fair Labor Standards Act for alleged unpaid wages, in the case styled *Jefferson Celada Liscano vs. Aries Blinds Inc. and Manuel Blanco*, S.D. Fla. Case No.: 1:22-CV-20670-BLOOM/OTAZO-REYES, currently pending in the United States District Court for the Southern District of Florida ("the Litigation");

**WHEREAS**, the Defendants deny all allegations and dispute all claims raised by Plaintiff; and

**WHEREAS**, Plaintiff and Defendants desire to compromise, finally settle, and fully release any and all claims Plaintiff has or may have against the Defendants from the beginning of the world to the execution of this Agreement, including those which he raised or could have raised in the Litigation, and all claims Defendants had and may have against Plaintiff that were raised and could have been raised in the Litigation and from the beginning of the world to the execution of the Agreement; and

**NOW, THEREFORE**, in consideration of the mutual promises and covenants between the Parties, the sufficiency of which is hereby acknowledged, Plaintiff and the Defendants hereby agree to the following Terms and Conditions:

## Terms and Conditions

**1.**     All of the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

**2.**     Upon the Parties' execution of this Agreement, pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties agree to file a Joint Motion for Approval and Proposed Order jointly requesting that the Court approve this Agreement and enter an order dismissing the Litigation with prejudice, and to retain jurisdiction to enforce the

terms of this Agreement. The Parties will only disclose its terms in a filing in CM/ECF if required by United States Alicia M. Otazo-Reyes or for enforcement of this Agreement or any provision contained in this Agreement. Nothing in this Agreement should be construed from prohibiting either Party from filing this Agreement as an Exhibit and/or on CM/EC and/or on public docket in the event that either Party moves to enforce the terms of this Agreement and/or for collection.

4.      In consideration for Plaintiff's execution of this Agreement and in consideration of the mutual promises exchanged herein, and no later than 10 business days after the receipt by counsel for Defendants of a fully executed W-9 for Plaintiff's counsel and for Plaintiff, and the Court's approval of this Settlement Agreement and dismissal of this case, Defendants shall pay the sum of Three Thousand Dollars and 00/100 Cents ($3,000.00) (the "Settlement Funds"), and shall deliver to Saenz & Anderson, 20900 N.E. 30th Avenue, Suite 800, Aventura, FL 33180, as follows:

a.      To "Jefferson Celada Liscano", one check in the amount of ONE THOUSAND FIVE HUNDRED Dollars and 00/100 Cents ($1,500.00), which includes $750.00 in alleged unpaid wages and $750.00 in alleged liquidated damages, for which an IRS Form 1099 shall be issued to Plaintiff, Jefferson Celada Liscano; and

b.      To "Saenz & Anderson, PLLC", one check in the amount of ONE THOUSAND FIVE HUNDRED Dollars and 00/100 Cents ($1,500.00), representing attorney's fees and costs.

Plaintiff and his counsel shall each provide the Defendants with a fully executed W-9 as a condition precedent to any payment due. So long as the total Settlement Funds are satisfied, either Employer may be the issuer of the Settlement Funds however both Defendants remain responsible for payment of the Settlement Funds regardless of who issues the Settlement Funds.

5.      **Payment Default**. Should Defendants fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Brian H. Pollock, Esq., at brian@fairlawattorney.com. In the event that Defendants fail to cure said payment breach within five (5) business days of receiving written notification via e-mail, then Plaintiff shall be entitled to obtain a default final judgment against Defendants for all amounts due and owing under this Agreement, minus all payments made.

6.      **Indemnification**. Plaintiff understands that Defendants shall issue an IRS Form 1099 for certain specified portions of the payments identified in Section 2 of this Agreement that are not subject to withholdings. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies paid as 1099 compensation under this Agreement and to report and pay all related taxes or impositions as to all monies paid as 1099 compensation under this Agreement to Plaintiff. Plaintiff shall indemnify and hold Defendants harmless of, from, and against Plaintiff's share of any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies paid hereunder as 1099 compensation under this Agreement, including, without limitation, Plaintiff, the IRS, or any other person/entity.

7. **Attorneys Not Tax Experts.** The Parties acknowledge that the attorneys involved in this Settlement Agreement or the Litigation do not claim to be experts in tax matters. The Parties further acknowledge and agree that they have neither received nor relied on any tax advice or information from any attorney involved in negotiating this Settlement Agreement or the Litigation.

8. **No Undue Influence.** The Parties agree and acknowledge that there has been no undue influence, overreaching, collusion or intimidation in reaching the settlement described herein and that the settlement was reached voluntarily and after full consultation with the Parties' respective counsel.

8. **Consultation With Counsel.** The Parties have consulted with an attorney of his/their own choosing prior to executing this Agreement about the terms and conditions of this Agreement.

9. **Full Mutual General Releases.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either Party now owns or holds, or has owned or held against each other, including, but not limited to, any and all claims, demands, liabilities, causes of action, all claims that were or could have been raised in the Litigation, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to either Party resulting from any act or omission by or on the part of the other committed prior to the date of this Agreement.

    A.    Plaintiff generally releases, satisfies and forever discharges the Defendants of and from all actions, claims and demands, both known and unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §201,*et. seq.*, which Plaintiff ever had, now has or may have against the Defendants. Defendants also so release the Plaintiff and forever discharge him according to the same terms, and with respect to Plaintiff's employment with Defendants.

    B.    Plaintiff represents that, with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute under the Fair Labor Standards Act, but he is also waiving his right to recover money or other relief in any action that might be brought on their behalf by any other person or entity, including the U.S. Department of Labor ("DOL").

    C.    The Parties, knowingly and voluntarily waive, release and discharge each other from any and all claims, known and unknown, that they have and may have against the other up to the date of execution of this Agreement. This release is comprehensive and includes any claim that either Party could assert against the other based upon acts or omissions that occurred, or that could be alleged to have occurred, before the execution of this Agreement.

This release is intended to be as comprehensive as can be conceived and as the law will allow, and includes but is not limited to claims raised or that could have been raised in the Litigation and claims based on, among other things: negligent or intentional tortious conduct; express or implied contract; covenants of fair dealing and good faith; wrongful discharge; the Family and Medical Leave Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act; the Employee Retirement Income Security Act of 1974; the Americans with Disabilities Act of 1990; the Worker Adjustment Retraining and Notification Act; the Age Discrimination in Employment Act, the Florida Civil Rights Act; Florida's Whistleblower Act; any other federal or state common law or federal, state or local laws, ordinances, or regulations; any other public policy, contract, tort or common law theory; or any statutory or common law principle allowing for the recovery of fees or other expenses, including claims to attorneys' fees. This release does not apply to any claims that cannot be released as a matter of law, such as those that arise after the date Plaintiff executes this Agreement or claims for ERISA plan benefits or administrative charges of discrimination (although Plaintiff releases any right to monetary recovery in connection with such a charge). This Release is fully mutual as to the Parties as applicable.

D.    If any claim is not subject to release, to the extent permitted by law, the Parties waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any of the Defendants and/or Plaintiff is a party.

E.    Plaintiff understands this Agreement is a binding contract and that Plaintiff has twenty-one (21) days to review this Agreement and decide whether to sign it and that, after signed, Plaintiff has a period of seven (7) days to revoke it.

Each party understands that this provision means that the parties are releasing each other, and may not bring claims against each other, other than as set forth herein.

This Agreement shall affect the release of all claims that were, or could have been, asserted by and among Plaintiff and Defendants in the Litigation.

10.    **Affirmations.** The Parties affirm that, except for the Litigation, he/it has/have not filed with any governmental agency or court, any type of action against the other and understand and agree that if any action was or is brought by a third party with regard to the claims and causes of action released in this Agreement, including by the Department of Labor, Wage and Hour Division, neither Party will accept any payments or monetary relief relating to any such claims or causes of action. The Parties understand and agree that if any action was or is brought by a third party with regard to the claims and causes of action released in this Agreement, he/it will not accept any payments or monetary relief relating to any such claims or causes of action.

11.     **Strict Confidentiality.** The Parties agree that, unless he/it is compelled to do so by law, he/it/they will not disclose to any other person any information regarding the existence or substance of this Agreement, except that he/it may discuss the terms of this Agreement with his/its tax advisor, or an attorney with whom the respective Party chooses to consult regarding his/its consideration of this Agreement. This agreement may be disclosed (1) as necessary in any action relating to a breach of this agreement; (2) for enforcement of this Agreement; (3) to counsel for the Parties; (4) to the Parties respective Accountant(s) and interpreter/translator; (5) for reporting to Taxing authorities; (6) the Parties' respective spouse(s); (7) as necessary for the Parties to seek Court approval of this Agreement; and/or (8) when otherwise required by law, provided that each such individual agrees to keep the disclosed information strictly confidential and to not disclose it to any other person. The Parties further affirm that they have not made any prior disclosures relating to this Agreement or the negotiations leading up to it that, if made after signing this Agreement, would have violated this obligation of confidentiality.

The Parties further agree that he/it/they will not initiate or participate in any discussion or communication concerning or relating to Plaintiff's employment with the Defendants, the termination of that employment, and/or the Litigation. Neither Plaintiff nor Manuel Blanco shall disclose, communicate, make public or publicize in any manner any problems, issues or concerns they perceive they may have had with Plaintiff or the Defendants or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from Defendants and Plaintiff. Such communication includes all social media, including, but not limited to, Facebook, blogs, Twitter, Instagram, LinkedIn, YouTube, Vine, SnapChat, and/or similar social media platforms or advertising material. Plaintiff and Manuel Blanco acknowledge and agree that this prohibition extends to statements, written or oral, made to anyone, including, but not limited to, the news media, social media, any board of directors or advisory board of directors, competitors, strategic partners, and vendors. Nothing in this clause shall prevent Plaintiff from testifying pursuant to a subpoena. Plaintiff shall not interfere with Defendants' relationship with, or endeavor to entice away from the Defendants, any person who was or is an employee of Defendants. The Parties understand and agree that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that the other would be irreparably harmed by violation of this provision.

12.     **Neutral Employment Reference.** In the event that a prospective employer requests an employment reference for Plaintiff, Defendants shall only provide rate of pay, dates of work, and the position or work that Plaintiff performed Defendants. If, and only if, another person asks Plaintiff or Manuel Blanco about the Litigation and/or Plaintiff's claims against the Defendants, the response shall be limited to the following statement: "The matter has been resolved." In addition, Plaintiff and Manuel Blanco agree not to disparage or say or write negative things about the Plaintiff, Defendants, or their counsel. Plaintiff and Manuel Blanco understand that the confidentiality of this Agreement and this non-disparagement provision are important parts of the consideration the Parties are giving to one another in this Agreement.

13.     **Breach.** If a Party proves that another Party violated the confidentiality and/or non-disparagement or non-incitement provisions of this Agreement, then Party or Parties who did not violate such provision(s) shall be entitled to injunctive relief in addition to liquidated damages in an amount not to exceed the amount paid to Plaintiff in Paragraph 3, above. This amount is not a penalty, but is a negotiated amount between the Parties due to the inability for any party to

accurately identify or prove the harm that could or would result from such a breach to Plaintiff, Defendants and their business. Notwithstanding the foregoing, the Parties understand that they retain the right to communicate with any federal, state or local government agency, including but not limited to the EEOC, NLRB, DOL, DOJ, SEC and FCHR, and that this communication can be initiated by them or can be in response to the government's inquiry to them. The Parties acknowledge that nothing in this paragraph prohibits them from testifying truthfully in court, during any legal proceeding, or during any government or regulatory investigation, or from cooperating with or making truthful disclosures to any government agency or testifying in response to a subpoena.

14. **No Re-Employment.** As further consideration for the payments described above, Plaintiff agrees that, because of circumstances unique to him (including his irreconcilable differences with the Defendants), he is not qualified for re-employment with the Defendants now or in the future and promise that he will not knowingly apply for or accept future employment with the Defendants; and that in the event he does apply for such employment with the Defendants, the Defendants may reject his application legitimately and lawfully solely because he breached this promise and/or may thereafter terminate his employment, which termination shall be considered a legitimate business reason that is neither retaliatory nor discriminatory. Plaintiff further agrees that if the Defendants employ him without having obtained a written waiver of this provision from an officer of the Defendants, he will resign his employment with the Defendants when asked to do so in writing by an officer of the Defendants. Plaintiff also agrees not to visit any known office occupied by or jobsite worked on by Defendants.

15. **Non-Incitement.** Plaintiff also agrees that the he will not incite or encourage any person, including, but not limited to, other current or former employees or contractors of the Defendants, to assert any complaint or claim in federal or state court against the Defendants.

16. **Fees/Costs.** The Parties agree that each party shall be responsible for his/its own costs and attorneys' fees in connection with this Agreement except as set forth in this Agreement. However, the Parties reserve any and all rights to enforce the terms of this Agreement. If any lawsuit is brought to enforce or interpret the terms of this Agreement, or to address any breach of this Agreement, then the prevailing party in such action or proceeding shall be entitled to recover taxable costs and all attorneys' fees reasonably incurred, including at all trial and appellate levels, in addition to any other relief to which such prevailing party may be entitled.

17. **Jurisdiction/Venue.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Parties further agree that this Agreement is contingent upon the United States District Court for the Southern District of Florida, which is presiding over this matter, retaining jurisdiction to enforce the terms of this settlement. The Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, substantive, procedural and remedial, notwithstanding any conflict of laws analysis to the contrary. If the District Court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

18. **No Representations.** No party has relied upon any representations or statements made by any other party hereto which are not specifically set forth in this Agreement.

19.     **No Admission.** This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Defendants.

20.     **Authorization And Understanding.** Each of the Parties warrants to each other that each has full power, authority and capacity to execute this Agreement. The Parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them. Plaintiff warrants and represents that he is the owner of the claims asserted in the operative Complaint and the Lawsuit and has not transferred or assigned them, except as represented in this Agreement. In addition to having the opportunity to negotiate this Agreement, before signing it, the Parties have been advised to consult with, and have in fact consulted with, their respective attorneys to obtain advice about their rights and obligations under this Agreement. The Parties have been given a reasonable period of time to consider whether to accept this Agreement, and signed it only after reading, considering and understanding it. If Plaintiff signs this Agreement before the expiration of the reasonable period of time, he is expressly waiving his right to consider the Agreement for any remaining portion of that reasonable period. This provision applies equally to the Defendants.

21.     **Amendment and Severability.** This Agreement may only be amended in writing signed by Plaintiff, Manuel Blanco, and an authorized representative of . In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

22.     **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

23.     **Enforcement**. In the event any action is commenced to enforce said settlement agreement or for a proven breach of this Agreement, the prevailing party shall be entitled to recover his/its reasonable attorneys' fees and taxable costs.

24.     **Binding Nature.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

25.     **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable. A copy or .pdf version of this Agreement shall have the same force and effect as an original.

26.     **Construction**. Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement

shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

27. **Headings**. The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

28. **Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way that may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

**PLAINTIFF FURTHER STATES AND AGREES THAT PLAINTIFF CARFEFULLY READ THIS AGREEMENT; THAT IT HAS BEEN FULLY EXPLAINED AND UNDERSTOOD; THAT IT HAS BEEN SUFFICIENTLY TRANSLATED TO HIM FROM ENGLISH TO SPANISH; THAT PLAINTIFF FULLY UNDERSTANDS ITS FINAL AND BINDING EFFECT; THAT THE ONLY PROMISES MADE TO PLAINTIFF TO SIGN THIS AGREEMENT ARE THOSE STATED IN THIS AGREEMENT; THAT PLAINTIFF HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THE AGREEMENT; AND THAT PLAINTIFF IS SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING THE DEFENDANTS OF AND FROM ANY AND ALL CLAIMS.**

**PLAINTIFF IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. HE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO HIS SIGNING THIS AGREEMENT.**

**PLAINTIFF MAY REVOKE THIS AGREEMENT AND GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HESIGNS THIS CONFIDENTIAL SETTLEMENT AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO BRIAN H. POLLOCK, ESQ., AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO BRIAN H. POLLOCK, ESQ. OR HIS DESIGNEE, OR MAILED TO 135 LORENZO AVENUE, SUITE 135, CORAL GABLES, FL 33146 AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF SIGNS THIS AGREEMENT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**\*    \*    SIGNATURES CONTINUE ON NEXT PAGE \*    \***

I have read the foregoing Settlement Agreement, and I accept and agree to the provisions contained herein.

**Jefferson Celada Liscano**

BY: _Jefferson Celada Lizcano (Apr 19, 2022 10:08 EDT)_

Jefferson Celada Liscano

Dated: Apr 19, 2022

**Aries Blinds Inc.**

BY: _manuel blanco_
manuel blanco (Apr 14, 2022 16:15 EDT)

As its Authorized Agent

Printed Name: MANUEL BLANCO

Dated: 4/14/2022

**Manuel Blanco**

BY: _manuel blanco_
manuel blanco (Apr 14, 2022 16:15 EDT)

**Manuel Blanco**

Dated: 4/14/2022

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 1:22-cv-20670-BB

JEFFERSON CELADA LISCANO, and other ... )
similarly situated individuals, ... )
... )
                Plaintiff(s), ... )
... )
v. ... )
... )
ARIES BLINDS INC and MANUEL BLANCO, ... )
... )
                Defendants. ... )
_____ )

## DECLARATION OF RUBEN MARTIN SAENZ AS TO ATTORNEY'S FEES AND COSTS IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

      1.      My name is Ruben Martin Saenz. I am the attorney of record for Plaintiff, JEFFERSON CELADA LISCANO ("Plaintiff").

      2.      I am over the age of eighteen (18) years and fully competent to testify as to the matters set forth in this declaration.

      3.      This declaration is based on my personal knowledge of attorney's fees and costs to be charged and collected, and upon my review of the books and records of Saenz & Anderson, PLLC, made in the ordinary course of business and held under my supervision and control.

      4.      I am a majority owner of Saenz & Anderson, PLLC and have been a licensed and practicing attorney since May 2003.  I practice primarily in Miami-Dade and Broward counties in the area of employment law, including wage and hour law.  Throughout the years, I have successfully litigated, I believe, over one thousand cases on behalf of employees fighting injustice at the workplace.

8

5.      I graduated from Syracuse University, College of Law in 2002. I have been a member of the Florida Bar since May of 2003. I am also a member of the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida, and the United States Court of Appeals for the 11ᵗʰ Circuit.

6.      Since 2003, the primary focus of my practice has been employment law.

7.      Throughout my career, my practice has been in both state and federal courts.  I have consulted, litigated, and tried multiple cases involving employees' rights under the FLSA, Title VII, the Florida Civil Rights Act of 1992, Florida Whistleblower's Act, the Florida Worker's Compensation Act, the Family and Medical Leave Act of 1993 and other employee-related laws.

8.      I have been selected as a *Florida Rising Star* by the *Super Lawyers Magazine* in 2012, 2013 and 2014.  I have also tried and won what I believe is the largest verdict in a religious discrimination case in Florida.

9.      I have authored articles, chapters, and the book written in Spanish titled "*My Rights as an Employee in the U.S., Part 1: The Basic Rights (2010).*" Along with my law partner, Ilona Anderson, I have also coauthored the book titled "How to File for Employment Discrimination with the Equal Employment Opportunity Commission (the EEOC)."

10.      My reputation and proven abilities have allowed me to maintain my practice through referrals from attorneys and from former and current satisfied clients.

11.      I have prepared (or collaborated in the preparation) and fully reviewed the motion for approval of settlement agreement in the instant action and I attest that the motion is well-grounded in fact and law.

12.　　The attached billing and expense records specifically indicate the activity performed by my law partner, Ilona Anderson, my firm associate(s), our support team, and by the undersigned in prosecuting the above-styled action.

13.　　Ms. Anderson and my firm's legal team are highly experienced in litigating employment matters, including cases under the FLSA.

14.　　I am of the opinion that the number of hours spent was reasonable and necessary in light of the nature of this litigation and all of the circumstances surrounding it.

15.　　My firm routinely bills all its FLSA cases for plaintiffs at the rate of $400.00 per hour for the professional services that are rendered. My hourly rate of $400.00 per hour reflects my skill and experience in litigating employment cases and is reasonable considering the relevant legal marketplace. My firm's attorneys, who helped me litigate this case under my supervision, also bill at the rate of $400.00 per hour or $275.00 per hour. Their relevant experience is highlighted in my firm's website (https://www.saenzanderson.com/attorneys/). In specific, my associate Aron Smukler, Esq., who works under my supervision and control, bills at a rate of $275.00 per hour. He has experience litigating employment cases as he has been working for my firm first as a paralegal since August of 2018 and then as an attorney at law since April 16, 2020. Mr. Smukler is knowledgeable in FLSA law and has attended numerous of my trials.

16.　　Based upon my experience, familiarity with rates charged by other lawyers, and fees awarded in similar litigation by federal district courts and state circuit courts in Florida, I believe that the rates (and that of those attorneys associated with my firm) of $400 and $275.00 per hour are reasonable.

17.　　I am of the opinion that the work performed was done efficiently and effectively and that the time spent on that work was reasonable and not excessive.

18.     The undersigned is seeking compensation for attorneys' fees incurred on behalf of Plaintiff.  However, I specifically agree to reduce my total billing invoice to the amount indicated in the settlement agreement and in the motion for approval of the FLSA settlement agreement because I believe such reduction was necessary to help my client reach a favorable settlement in his case.

19.     In addition, my law firm has spent $472.00 on behalf of Plaintiff and the undersigned is seeking reimbursement in the amount of $472.00.


UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DECLARATION AND THAT THE FACTS STATED IN IT ARE TRUE.


**/s/R. Martin Saenz**
R. MARTIN SAENZ, ESQ.

# EXHIBIT "1"

**Saenz & Anderson, PLLC**
20900 NE 30th Avenue
Ste 800
Aventura, Florida 33180
United States
305-503-5131



| | |
|---|---|
| **Balance** | $3,613.25 |
| **Invoice #** | 00423 |
| **Invoice Date** | April 25, 2022 |
| **Payment Terms** | Due on Receipt |
| **Due Date** | April 25, 2022 |

## Liscano, Jeferson v. ARIES BLINDS INC

## Time Entries

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 02/22/2022 | UL | Open File | | $75.00 | 0.25 | $18.75 |
| 02/23/2022 | UL | Call with Client | called client to review complaint | $75.00 | 0.25 | $18.75 |
| 03/02/2022 | AS | Review and Confer | review correspondence and draft complaint and confer re client's comments | $275.00 | 0.15 | $41.25 |
| 03/04/2022 | AS | Review, Revise, and Confer | review correspondence from UL, AT, and Client, revise draft complaint, and confer re filing | $275.00 | 0.75 | $206.25 |
| 03/07/2022 | AGT | File complaint | | $75.00 | 1.00 | $75.00 |
| 03/07/2022 | AS | Receive, Review, and Confer | receive and review initial filing and confer with UL | $275.00 | 0.10 | $27.50 |
| 03/07/2022 | AS | Receive and Review | Clerks Notice of Judge Assignment | $275.00 | 0.05 | $13.75 |
| 03/07/2022 | AS | Review and Confer | review summonses issued and confer with AT | $275.00 | 0.05 | $13.75 |
| 03/07/2022 | UL | Review | uploads | $75.00 | 0.10 | $7.50 |
| 03/08/2022 | UL | upload docs | | $75.00 | 0.05 | $3.75 |
| 03/08/2022 | AS | Receive and Review | return of service on corporate defendant | $275.00 | 0.05 | $13.75 |
| 03/10/2022 | AGT | Service of Process on Defendant(s) | | $75.00 | 0.50 | $37.50 |
| 03/10/2022 | UL | upload docs | | $75.00 | 0.10 | $7.50 |
| 03/10/2022 | AS | Receive and Review | Order Requiring Scheduling Report, Certificate of Interested Parties, and Statement of Claim | $275.00 | 0.10 | $27.50 |
| 03/10/2022 | AS | Receive and Review | status of service on defendants and return of service on individual defendant | $275.00 | 0.10 | $27.50 |
| 03/15/2022 | AS | Receive and Review | notice of appearance for defendants | $275.00 | 0.05 | $13.75 |
| 03/15/2022 | AS | Review and Confer | review court's order requiring JSR and confer with OC & UL | $275.00 | 0.15 | $41.25 |

| 03/15/2022 | AS | Review and Confer | review court order requiring statement of claim and confer with UL re producing client's documents | $275.00 | 0.15 | $41.25 |
|---|---|---|---|---|---|---|
| 03/15/2022 | UL | Calendar deadlines | | $75.00 | 0.20 | $15.00 |
| 03/15/2022 | UL | Review | case and request docs | $75.00 | 0.20 | $15.00 |
| 03/16/2022 | UL | upload docs | add deadlines | $75.00 | 0.25 | $18.75 |
| 03/16/2022 | RS | Receive, Review and Docket | order requiring statement of claim and certificates. | $400.00 | 0.05 | $20.00 |
| 03/21/2022 | AS | Draft | statement of claim | $275.00 | 0.50 | $137.50 |
| 03/22/2022 | UL | Call with Client | call client for docs | $75.00 | 0.10 | $7.50 |
| 03/22/2022 | UL | upload docs | | $75.00 | 0.10 | $7.50 |
| 03/23/2022 | AS | Review, Draft, File, and Confer | review client's document production, draft/finalize/file statement of claim and notice of compliance, and confer with OC re statement of claim | $275.00 | 0.70 | $192.50 |
| 03/23/2022 | UL | upload docs | | $75.00 | 0.05 | $3.75 |
| 03/23/2022 | UL | upload docs | | $75.00 | 0.05 | $3.75 |
| 03/23/2022 | UL | Review | uploads | $75.00 | 0.10 | $7.50 |
| 03/23/2022 | UL | Review | case<br>deadlines<br>coordinate rule 26<br>coordinate settlement conf<br>draft rule 26 disclosures | $75.00 | 0.30 | $22.50 |
| 03/23/2022 | AS | Receive and Review | correspondence re settlement conference | $275.00 | 0.05 | $13.75 |
| 03/23/2022 | AS | Receive and Review | correspondence re conference with OC | $275.00 | 0.05 | $13.75 |
| 03/24/2022 | UL | upload docs | | $75.00 | 0.05 | $3.75 |
| 03/24/2022 | AS | Review, Prepare, and Confer | review plaintiff's supplemental document production, prepare for production, and confer with OC and UL | $275.00 | 0.35 | $96.25 |
| 03/24/2022 | AS | Revise and Confer | revise notice of pendency and certificate of interested parties and confer with AT | $275.00 | 0.20 | $55.00 |
| 03/24/2022 | AGT | Draft & File | NOTICE OF PENDENCY OF OTHER ACTIONS P's CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT | $75.00 | 0.50 | $37.50 |
| 03/24/2022 | UL | rule 26 disclosures | draft | $75.00 | 0.30 | $22.50 |
| 03/24/2022 | UL | Settlement Conference | coordinate | $75.00 | 0.10 | $7.50 |
| 03/24/2022 | AS | Review and Confer | review draft R26 initial disclosures and confer with UL | $275.00 | 0.10 | $27.50 |
| 03/24/2022 | UL | Settlement Conference | coordinate | $75.00 | 0.15 | $11.25 |
| 03/25/2022 | AS | Review and Confer | review order on settlement conference and correspondence with OC, UL, and court and confer with UL re settlement conference and interpreter | $275.00 | 0.20 | $55.00 |
| 03/25/2022 | UL | Settlement Conference | upload order<br>add to calendar<br>do letter<br>do envelope<br>interpreter | $75.00 | 0.30 | $22.50 |
| 03/25/2022 | AS | Review and Analyze | ANSWER and Affirmative Defenses to Complaint by ARIES BLINDS INC and MANUEL BLANCO | $275.00 | 0.15 | $41.25 |

| Date | Initials | Task | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|---|
| 03/25/2022 | AS | Review and Confer | review file/deadlines and confer with UL re conference with OC | $275.00 | 0.10 | $27.50 |
| 03/28/2022 | UL | upload docs | | $75.00 | 0.05 | $3.75 |
| 03/28/2022 | AS | Review, Draft, and Confer | review client's document production, draft rule 26 initial disclosures, and confer with OC | $275.00 | 0.50 | $137.50 |
| 03/28/2022 | AS | Review and Confer | review correspondence from OC and confer with UL | $275.00 | 0.15 | $41.25 |
| 03/28/2022 | UL | upload docs | | $75.00 | 0.15 | $11.25 |
| 03/31/2022 | UL | Conference With Client re- | coordinate | $75.00 | 0.10 | $7.50 |
| 03/31/2022 | AS | Review and Confer | review correspondence from client and phone conference with client re letter re preservation of evidence | $275.00 | 0.20 | $55.00 |
| 04/01/2022 | UL | Call with Client | call client to schedule meeting | $75.00 | 0.25 | $18.75 |
| 04/01/2022 | UL | Rule 26 Conference | coordinate set | $75.00 | 0.15 | $11.25 |
| 04/05/2022 | AS | confer | with UL re conference with client, and with client and co-counsel re pending issues | $275.00 | 0.35 | $96.25 |
| 04/05/2022 | UL | Conference | | $75.00 | 0.15 | $11.25 |
| 04/05/2022 | AS | Review, Revise, Research, and Confer | review court's order and correspondence from OC, revise proposed JSR and Joint Proposed Scheduling Order, confer with OC, client, and co-counsel, and research pending issues | $275.00 | 1.00 | $275.00 |
| 04/05/2022 | UL | upload docs | | $75.00 | 0.15 | $11.25 |
| 04/05/2022 | AS | Receive and Review | Aries Blinds Inc. and Manuel Blanco, file their Answer and Affirmative Defenses to the Complaint | $275.00 | 0.15 | $41.25 |
| 04/06/2022 | AS | Strategize and Confer | re dismissal | $275.00 | 0.05 | $13.75 |
| 04/06/2022 | AS | Receive and Review | ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE | $275.00 | 0.10 | $27.50 |
| 04/07/2022 | UL | Review | uploads | $75.00 | 0.05 | $3.75 |
| 04/07/2022 | UL | Calendar deadlines | | $75.00 | 0.20 | $15.00 |
| 04/11/2022 | AS | Draft and Confer | draft correspondence to client and confer with UL | $275.00 | 0.20 | $55.00 |
| 04/12/2022 | UL | Correspondence | | $75.00 | 0.10 | $7.50 |
| 04/12/2022 | UL | Calendar deadlines | | $75.00 | 0.40 | $30.00 |
| 04/12/2022 | AS | Review and Confer | review correspondence from OC and confer with UL | $275.00 | 0.05 | $13.75 |
| 04/12/2022 | UL | upload docs | | $75.00 | 0.10 | $7.50 |
| 04/12/2022 | UL | task | | $75.00 | 0.15 | $11.25 |
| 04/13/2022 | AS | Review and Confer | review correspondence re subpoena and confer with client, OC, and UL | $275.00 | 0.30 | $82.50 |
| 04/13/2022 | UL | upload docs | | $75.00 | 0.20 | $15.00 |
| 04/14/2022 | UL | Call with Client | called client for letter dismissing case | $75.00 | 0.30 | $22.50 |
| 04/14/2022 | AS | Receive and Review | PAPERLESS ORDER TO SHOW CAUSE | $275.00 | 0.05 | $13.75 |
| 04/14/2022 | AS | Receive and Review | Set Deadlines Show Cause Response due by 4/20/2022. | $275.00 | 0.05 | $13.75 |
| 04/14/2022 | AS | Review, Revise, and Confer | review correspondence from OC & co-counsel, revise agreement and consent, and confer with OC | $275.00 | 1.00 | $275.00 |

| 04/15/2022 | AS | Review and Confer | review executed agreement and confer with client | $275.00 | 0.25 | $68.75 |
|---|---|---|---|---|---|---|
| 04/15/2022 | UL | Review | uploads | $75.00 | 0.05 | $3.75 |
| 04/15/2022 | AS | Receive and Review | ORDER Requiring Joint Stipulation of Dismissal | $275.00 | 0.05 | $13.75 |
| 04/18/2022 | AS | Confer with Clerk | UL re agreement | $275.00 | 0.05 | $13.75 |
| 04/18/2022 | UL | Call with Client | called client to sign settlement agreement | $75.00 | 0.15 | $11.25 |
| 04/18/2022 | UL | Review | uploads | $75.00 | 0.10 | $7.50 |
| 04/19/2022 | AS | Confer with Clerk | UL re agreement and documents | $275.00 | 0.10 | $27.50 |
| 04/19/2022 | UL | Call with Client | called client to sign settlement agreement | $75.00 | 0.20 | $15.00 |
| 04/19/2022 | UL | Call with Client | call client for w9 forms | $75.00 | 0.15 | $11.25 |
| 04/19/2022 | UL | Review | uploads | $75.00 | 0.10 | $7.50 |
| 04/21/2022 | AS | Confer with Clerk | with UL re agreement | $275.00 | 0.05 | $13.75 |
| 04/22/2022 | AS | Draft and Confer | draft motion for approval and confer with OC | $275.00 | 0.35 | $96.25 |

Totals: **17.40** **$3,141.25**

## Expenses

| Date | EE | Activity | Description | Cost | Quantity | Line Total |
|---|---|---|---|---|---|---|
| 03/07/2022 | AGT | File complaint | | $402.00 | 1.0 | $402.00 |
| 03/08/2022 | TAG | Service of Process on Defendant(s) | To be served on: ARIES BLINDS INC C/O MANUEL BLANCO | $35.00 | 1.0 | $35.00 |
| 03/10/2022 | TAG | Service of Process on Defendant(s) | To be served on: MANUEL BLANCO | $35.00 | 1.0 | $35.00 |
| **Non-billable Expenses:** | | | | | | |
| 03/07/2022 | AGT | Flat fee for copying and postage per retainer agreement | | $100.00 | 1.0 | $100.00 |

Expense Total: **$472.00**

| | |
|---|---|
| Time Entry Sub-Total: | $3,141.25 |
| Expense Sub-Total: | $472.00 |
| **Sub-Total:** | $3,613.25 |
| | |
| **Total:** | $3,613.25 |
| **Amount Paid:** | $0.00 |
| **Balance Due:** | **$3,613.25** |

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.

JEFERSON LISCANO, and other similarly
situated individuals,

                Plaintiff(s),

v.

ARIES BLINDS INC. and MANUEL
BLANCO,

              Defendants.

_____

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF
## FLSA SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE

THIS CAUSE arose before the Court on the Joint Motion for Approval of FLSA Settlement and to Dismiss Case With Prejudice (D.E. # _____). The above-styled action arose pursuant to the Fair Labor Standards Act, 29 U .S .C. § 201, *et seq* . and, therefore, requires Court Approval. *Lynn's Food Stores, Inc. v. United States,* 679 F. 2d 1350, 1353 (11th Cir . 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness"). This Court, being fully advised in the premises, and upon review of the settlement agreement between the parties, hereby approves the settlement of the wage and hour claims as outlined in the Joint Motion for Approval of FLSA Settlement and to Dismiss Case With Prejudice and its attached settlement agreement.

Pursuant to the Joint Motion for Approval of FLSA Settlement and to Dismiss Case With Prejudice, this case is hereby dismissed with prejudice. The Court shall retain jurisdiction to

14

enforce the terms of the parties' settlement agreement and to award attorney's fees and costs in connection with such enforcement.

        **DONE AND ORDERED** in Chambers at the United States District Courthouse for the Southern District of Florida in _____ County, Florida this day of _____, 20_____.

                                           _____
                                           U.S. DISTRICT JUDGE

Copies furnished to:
U.S. Magistrate Judge _____
Counsel of Record